NUMBER 13-10-00341-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JOSE LUIS AGUILAR,                                                                 Appellant, 

 

  v.

 

THE STATE OF TEXAS,                                  
                   Appellee.

                                                                                                                     
  

 

On appeal from the 36th
District Court 

of San Patricio
County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Perkes   

Memorandum Opinion by
Justice Perkes  

 

            Appellant,
Jose Luis Aguilar, appeals his conviction for one count of aggravated sexual
assault of a child, a first-degree felony, and one count of indecency with a
child, a second-degree felony.  See Tex.
Pen. Code Ann. §§ 22.021, 21.11 (Vernon 2003).  Pursuant to a
plea-bargain agreement, appellant pleaded guilty to both counts, and the trial
court imposed a $2,500 fine on the aggravated sexual assault of a child count
and sentenced appellant to two concurrent, twenty-year terms of confinement in
the Texas Department of Criminal Justice, Institutional Division.  Appellant
filed a notice of appeal, and as discussed below, his court-appointed counsel
filed an Anders brief.  We affirm.

I.             
FACTUAL AND PROCEDURAL BACKGROUND

Appellant
was reported to law enforcement for molesting a child multiple times.  Shortly
after his arrest, appellant gave a voluntary written confession to an
investigator with the San Patricio County Sherriff’s Department.  Appellant
moved to suppress his confession and the trial court denied his motion to
suppress.  After his motion to suppress was denied, appellant pleaded guilty as
charged pursuant to a plea-bargain agreement and was convicted.

II.    Anders
Brief

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel has filed a
brief and a motion to withdraw with this Court, stating that his review of the
record yielded no grounds of error upon which an appeal can be predicated. 
Counsel’s brief meets the requirements of Anders as it presents a
professional evaluation demonstrating why there are no arguable grounds to
advance on appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (“In Texas, an Anders brief need not specifically
advance ‘arguable’ points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343-44
(Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel has
carefully discussed why, under controlling authority, there are no reversible errors
in the trial court’s judgment.  Counsel has informed this Court that he has:  (1)
examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel’s motion to withdraw on appellant, and
(3) informed appellant of his right to review the record and to file a pro se
response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  Appellant has responded by
filing a timely pro se brief.

III.  
 INDEPENDENT REVIEW

            A court of appeals has two
options when an Anders brief and a subsequent pro se response are filed.  After reviewing the entire record, it
may: (1) determine that the appeal is wholly frivolous and issue an opinion
explaining that it finds no reversible error; or (2) determine that there are
arguable grounds for appeal and remand the case to the trial court for
appointment of new appellate counsel.  Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).  If the court finds arguable grounds for appeal,
it may not review those grounds until after new counsel has briefed those
issues on appeal.  Id.

            Upon receiving an Anders brief, we
must conduct a full examination of all the proceedings to determine whether the
case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We
have reviewed the entire record, counsel’s brief, and appellant’s pro se brief
and have found nothing that would arguably support an appeal.  See Bledsoe,
178 S.W.3d at 827-28 (“Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of
appeals met the requirement of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  There is no reversible error in the record. 
Accordingly, the judgment of the trial court is affirmed.

IV.  MOTION TO WITHDRAW

            In accordance with Anders, appellant’s
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.)  (noting that “[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.”) (citations omitted)).  We grant counsel’s motion to withdraw. 
Within five days of the date of this Court’s opinion, counsel is ordered to
send a copy of this opinion and this Court’s judgment to appellant and to
advise him of his right to file a petition for discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

                                                                                         ______________________

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


31st day of March,
2011.

 

 

 









[1]  The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[2]  No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See Tex. R. App. P. 68.4.